**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Bryan Austin Seidle, Appellant.

Appellate Case No. 2020-001485

———————

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-147
Submitted April 1, 2024 – Filed May 1, 2024

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, and Appellate Defender Lara Mary Caudy, both of Columbia, both for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Joshua Abraham Edwards, all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

———————

**PER CURIAM:**  Bryan Austin Seidle appeals his conviction for murder and his sentence of thirty years' imprisonment.  On appeal, Seidle argues the trial court erred in excluding relevant evidence the victim was a registered sex offender and the exclusion violated his due process rights to present a complete defense.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in excluding the victim's sex offender status.  *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* ("This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Clasby*, 385 S.C. 148, 154, 682 S.E.2d 892, 895 (2009) ("The trial [court] has considerable latitude in ruling on the admissibility of evidence and [its] decision should not be disturbed absent prejudicial abuse of discretion."); *State v. Jones*, 416 S.C. 283, 290, 786 S.E.2d 132, 136 (2016) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Collins*, 409 S.C. 524, 534, 763 S.E.2d 22, 28 (2014) ("A trial [court]'s decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." (quoting *State v. Adams,* 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003))).  Additionally, we hold the victim's sex offender status was not relevant, and even if it were relevant, the probative value was substantially outweighed by the danger of unfair prejudice.  *See* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 403, SCRE ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Dickerson*, 341 S.C. 391, 400, 535 S.E.2d 119, 123 (2000) ("Unfair prejudice means an undue tendency to suggest [a] decision on an improper basis.").  Further, we hold because the victim's sex offender status was not relevant, exclusion of this information did not prevent Seidle from presenting a complete defense.  *See Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence."); *State v. Day*, 341 S.C. 410, 419-20, 535 S.E.2d 431, 436 (2000) (holding that in cases where one pleading self-defense wishes to admit evidence of other specific instances of violence directed at others, such instances must be "closely connected at point of time or occasion with the homicide").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.